**Daniel LAYTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–05–00950–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 2007.

Discretionary Review Granted
Sept. 12, 2007.

W. Troy McKinney, Schneider & McKinney, P.C., Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Carol M. Cameron, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

A jury convicted appellant, Daniel Layton, of the misdemeanor offense of driving while intoxicated (DWI), and the trial court assessed punishment at 180 days in the Harris County jail, probated for one year, and a $300 fine. We determine whether the trial court abused its discretion in admitting into evidence videotaped statements made by appellant at the scene. We affirm.

## BACKGROUND

At 4:00 a.m. on October 27, 2004, Houston Police Officer C. Allen stopped appellant's car for a traffic violation. Allen testified that he noticed the smell of alcohol on appellant's breath. The traffic stop and subsequent events leading up to appellant's arrest were recorded on Allen's video camera. At trial, the videotape was admitted into evidence as State's Exhibit 1.

Allen asked appellant if he had been drinking alcohol. Appellant responded that during the course of the night he had had about five or six drinks—his first drink at 6:00 p.m. and his last drink at 12:00 midnight. Appellant also stated that he had a "buzz," but was not intoxicated. Allen asked appellant if he was on any medications, and appellant told Allen that he was taking Valium and Xanax. Appellant said he had not taken Xanax on the previous day, but had taken Valium at 2:00 p.m. Appellant explained that his doctor had prescribed the medications for high blood pressure. Allen responded that it was probably not a good idea to be drinking "on top of those." He also stated that the medications were not for high blood pressure, but were for anxiety and asked appellant if he had read the inserts included with the medication.

Allen then conducted a series of field sobriety tests: the horizontal-gaze-nystagmus (H.G.N.) test, the one-leg-stand test, the walk-and-turn test, and a modified ABC test. Based on his conversation with appellant and appellant's performance on the tests, Allen concluded that appellant was intoxicated and arrested him for DWI. At the police station, when asked to give a breath sample, appellant said that he wanted to talk to his lawyer first. Appellant did not give a breath sample.

Appellant filed a motion to suppress portions of the videotape of the traffic stop and arrest on the ground that the portion of the videotape in which appellant stated that he took Valium and Xanax was irrelevant. The trial court denied the motion. Before the videotape was admitted into evidence and played for the jury, appellant again objected that the portions of the videotape mentioning Valium and Xanax

were irrelevant. The trial court overruled the objection, reasoning that an inquiry about medications is a predicate to administering the H.G.N. test. Appellant argued that the inquiry might be relevant, but the answer was not. The objection was again overruled.

## DISCUSSION

In his sole issue for review, appellant contends that the trial court erred in admitting into evidence statements made at the scene regarding appellant's use of Xanax and Valium without requiring the State to show relevance through reliable and competent scientific evidence. Appellant argues that (1) the statements did not make any fact of consequence more or less probable and were therefore irrelevant as to the issue of intoxication and (2) in the alternative, even if relevant, the probative value of the statements was substantially outweighed by the unfair prejudicial effect.

### *Standard of Review*

■ Generally, all relevant evidence is admissible. Tex.R. Evid. 402. Relevant evidence is that which has a tendency to make the existence of a fact of consequence more or less probable. Tex.R. Evid. 401. We review a trial court's ruling on a motion to suppress evidence for abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Taylor v. State*, 945 S.W.2d 295, 297 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). An appellate court will reverse a trial court's decision to admit evidence only upon a clear abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex.Crim.App.1990). A trial court abuses

its discretion when its decision was arbitrary, unreasonable, or outside of the zone of reasonable disagreement. *Id.*

### *Admissibility of the Statements*

■ Appellant argues that the statements made regarding the medication were irrelevant because they had no tendency to make the fact of intoxication more or less probable. *See* Tex.R. Evid. 401, 402. Appellant further argues that, to show relevance, the State was required to show by reliable and competent scientific evidence involving extrapolation that appellant was under the influence of the medications while driving.

It is clear that the State did not introduce appellant's statements regarding his use of Xanax and Valium to establish that appellant was under the influence of those drugs while driving because the State did not make any reference to appellant's use of these medications during the trial testimony or the State's closing argument. Appellant's statement that he took those medications was in response to a question by Allen. In denying appellant's motion and objection, the trial court explained that Allen's question was relevant as a predicate inquiry to the administration of the H.G.N. test.

Appellant also argues on appeal that, if relevant, the unfair prejudice of the portions of the videotape outweighed their probative value. *See* Tex.R. Evid. 403.[1] Appellant contends that under a *Reese v. State* analysis, the evidence fails the rule 403 balancing test. *See* 33 S.W.3d 238 (Tex.Crim.App.2000). The court in *Reese* set out the following factors to be consid-

1. At trial, appellant referred to "a 403 analysis" and then objected that the videotape was not relevant. Appellant did not object that the probative value of the evidence was substantially outweighed by unfair prejudice. *See* Tex.R. Evid. 402, 403. Although, in our view, appellant's passing reference to rule 403 while making a rule 402 objection does not preserve a rule 403 objection, we nevertheless address appellant's issue because it is closely tied to his extrapolation argument.

ered in determining whether prejudicial effect of evidence outweighs its probative value: (1) the degree to which the evidence is probative, (2) the potential of the evidence to impress a jury in an irrational but indelible way, (3) the time the proponent needs to develop the evidence, and (4) the proponent's need for the evidence. The *Reese* analysis does not apply in this case because the State did not argue that this evidence was probative of the fact of appellant's intoxication at the time of the stop. *Id.* at 240–41.

In addition, because this evidence was not used as proof of intoxication, but was merely a result of predicate questions before administering the H.G.N. test, a "gatekeeper" hearing was not required. *See, e.g., DeLarue v. State*, 102 S.W.3d 388, 401 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (determining that trial court erred in admitting, without *Daubert–Kelly* hearing, evidence of marijuana in bloodstream to show effect on intoxication).

We conclude that the trial court did not abuse its discretion in admitting the portion of the videotape that contained appellant's statements regarding Xanax and Valium.

■ Appellant also contends that it was error for "the jury to hear portions of the scene video that included ... Allen's unsubstantiated opinions about the medications." At trial, appellant did not make a specific objection to Allen's statements regarding the use and effect of Xanax and Valium. Therefore, we have nothing to review. *See* Tex.R.App. P. 33.1(a).

## CONCLUSION

We overrule appellant's sole issue and affirm the judgment.

Justice JENNINGS, dissenting.

TERRY JENNINGS, Justice, dissenting.

Because the majority does not address the point of error and the arguments of appellant, Daniel Todd Layton, I respectfully dissent.

A jury found appellant guilty of the offense of driving while intoxicated by the reason of the introduction of alcohol into his body.[1] Appellant articulates his point of error as follows:

> The trial court erred when it permitted evidence regarding Appellant's use of Xanax and Valium without requiring the State to show it was reliable and competent scientific evidence.

Appellant specifically argues to this Court that the trial court erred in admitting the evidence because "the State failed to show by reliable and competent scientific evidence (or any evidence) that he was under the influence while driving." He asserts, thus, that the evidence "failed to make any fact of consequence more or less probable and therefore was irrelevant. In the alternative, its probative value was substantially outweighed by the unfair prejudicial effect." In sum, appellant concludes that the admittance of the evidence "without requiring extrapolation evidence that it could have played some part in intoxication, was harmful error that prejudiced Layton's substantial rights."

In support of his argument, appellant relies on *DeLarue v. State*, 102 S.W.3d 388, 395 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd), which discusses the reliability and admissibility of expert testimony in light of *"Daubert–Kelly." See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim. App.1992).

---

1. *See* Tex. Pen.Code Ann. §§ 49.04(a), 49.01(2)(A) (Vernon 2003).

In the trial court, appellant specifically objected to any reference to the fact that appellant had been taking the medications, and he specifically cited *DeLarue*. Having previously cited *DeLarue* to the trial court prior to opening statements, the following exchange occurred outside the presence of the jury:

> [Appellant's Counsel]: Officer Allen made inquiry of Mr. Layton as to whether or not he had been taking medications. The medications admitted were Xanax and Valium.... There is no one here to extrapolate the life of the Valium which was taken, and as the Court already knows, there has to be an extrapolation of drugs and the *DeLarue* case says that under a 403 analysis, certainly neither of those drugs should come in before the jury. This is not a situation where they would be relevant to anything because the relevance hasn't been demonstrated on the Valium and there is no relevance as to the Xanax.
>
> [Trial Court]: I don't know that ... do you have anything scientific to demonstrate to me that these have no impact on the body and what their life expectancy of each of these drugs are and when taken in one's body?
>
> [Appellant's Counsel]: Actually, Judge, that's not my burden, that's the State's. They have the burden of showing you under *Kelly*.
>
> [Trial Court]: Well, the relevancy is that the H.G.N. is one of the—the predicate requirements is that they have to inquire whether or not you're taking any medication as it relates to the accuracy or the—what they're looking for in the H.G.N. So your objection as to relevancy is denied.
>
> [Appellant's Counsel]: It might be relevant to the inquiry. It is not relevant then to give the answer.

> [Trial Court]: Overruled.

Here, it is readily apparent that appellant's primary point to the trial court and to this Court is that the evidence of his use of the medications was inadmissible because the State failed to demonstrate its reliability in regard to proving that appellant was intoxicated. Nevertheless, the majority avoids the issue altogether in concluding that appellant did not object to the officer's comments about appellant's use of the medications and the evidence was relevant to the officer "before administering the H.G.N. test."

First, appellant's objection to the fact that he used the medications necessarily covers any reference to the medications made by the arresting officer. Second, although the majority asserts that the evidence of appellant's use of the medications was relevant to the officer "before administering the H.G.N. test," it does not explain how the evidence had "any tendency to make the existence of any fact that is of consequence to the determination of the action," i.e., intoxication, "more probable or less probable." *See* Tex.R. Evid. 401. Moreover, although the majority concludes that the fact that appellant had been taking the medications "was not used as proof of intoxication," the State itself, in its brief, actually argues that "the taking of Xanax and Valium are probative of appellant's intoxication."

Here, appellant preserved his complaint for appellate review. *See* Tex.R.App. P. 33.1. This Court, therefore, has an obligation to hand down a written opinion that "addresses every issue raised and necessary to final disposition of the appeal." Tex.R.App. P. 47.1. Because the majority affirms the trial court's judgment without doing so, I respectfully dissent.