

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-408-07

**DANIEL LAYTON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. WOMACK, J., filed a dissenting opinion.

### O P I N I O N

Appellant, Daniel Layton, was charged with driving while intoxicated by the introduction of alcohol into the body. After a jury trial, Appellant was convicted and sentenced by the trial judge to 180 days in jail, which was probated for one year, and a $300 fine. Appellant appealed, arguing that the trial court erred by admitting evidence of Appellant's use of Xanax and Valium without requiring the State to show that it was

reliable and competent scientific evidence. The court of appeals affirmed the decision of the trial court and held that the statements made by Appellant to the arresting officer regarding his personal use of Xanax and Valium were admissible. *Layton v. State*, 263 S.W.3d 179 (Tex. App.–Houston [1st Dist.] 2007). The court of appeals declined to address Appellant's other grounds, holding that Appellant had not preserved error with regard to Officer Allen's comments. We granted Appellant's petition for discretionary review to consider whether error was preserved, and whether the court of appeals properly applied Rule of Evidence 401.[1] We reverse.

## BACKGROUND

Officer Charles Allen stopped Appellant when he observed Appellant's car at a red-light, stopped in a crosswalk, and protruding into an intersection at 4 a.m. The traffic stop, and the events leading up to it, were recorded in their entirety by Officer Allen's video camera, and the video was admitted into evidence at trial.

The video shows Officer Allen asking Appellant if he had been drinking, to which Appellant replied that he had consumed five or six drinks between the hours of 6 p.m. and midnight. Appellant added that he was not intoxicated, but did have a "buzz." The officer then asked Appellant if he took any medications, and Appellant acknowledged that he took both Xanax and Valium, which were prescribed by his doctor for high blood pressure. Appellant qualified the statement by saying that he had taken Valium at 2 p.m.

---

[1]Unless otherwise noted, all further references to Rules refer to Texas Rules of Evidence.

the previous afternoon, but had not taken any Xanax since the day before. Officer Allen

responded that those medications were not intended to treat high blood pressure, but were

for the treatment of anxiety, and inquired whether Appellant had read the inserts that are

included with the medication. Officer Allen added that it probably was not a good idea to

be drinking "on top of those." The officer then conducted a series of field sobriety tests,

from which he concluded Appellant was intoxicated, and arrested him. Appellant did not

give a breath or blood sample.

Appellant filed a pre-trial motion to suppress the portions of the video tape which

contained his and the officer's statements regarding the Xanax and Valium, on the

grounds that the statements were irrelevant. The trial court denied the motion. At trial,

before the video was entered into evidence by the State, Appellant again objected to the

portions of the tape referencing his Xanax and Valium use. Outside the presence of the

jury, Appellant argued that the evidence should not be admitted without expert testimony

to provide foundation. The trial court overruled Appellant's objection and allowed the

evidence to be admitted, reasoning that the inquiry into the prescription medication was

relevant as a predicate to the administration of the horizontal-gaze-nystagmus test

(HGN).[2]

---

[2] The horizontal-gaze-nystagmus (HGN) test is one of three sobriety tests that constitute the standardized field-sobriety-test battery (the other two tests are the walk-and-turn test and the one-leg-stand test). Scientific evidence establishes that the HGN test is a reliable roadside measure of a person's impairment due to alcohol or certain other drugs. *See* National Highway Traffic Safety Administration, U.S. Department of Transportation, *Horizontal Gaze Nystagmus: The Science & the Law*, *available at*

Officer Allen testified that, when he initially spoke to Appellant on the night in question, Appellant's breath had a strong odor of alcohol. Officer Allen also said that although Appellant was very talkative, he slurred his speech and his eyes were red and bloodshot. During the officer's testimony, no reference was made to Appellant's admission of prescription-drug use or Officer Allen's comments thereafter. The only mention of Xanax and Valium in the presence of the jury other than that in the video was by the State during its closing argument.[3] The jury found Appellant guilty of DWI by introduction of alcohol.

Appellant appealed the verdict, arguing that the trial court erred in allowing into evidence statements made by Appellant and the arresting officer regarding Appellant's use of Xanax and Valium without requiring the State to show the statements' relevance through reliable and competent scientific evidence. The court of appeals looked at Appellant's and Officer Allen's statements as two separate issues. Considering Appellant's answers to Officer Allen's question about medications, the court held that, "because the evidence was not used as proof of intoxication, but was merely a result of predicate questions before administering the HGN test, a 'gatekeeper' hearing was not

http://www.nhtsa.dot.gov/people/injury/enforce/nystagmus/hgntxt.html.

[3] The following is the pertinent portion of the closing argument delivered by the State at Appellant's trial:

"On that night, Officer Allen asked him about his medical problems. And he told Officer Allen, I have high blood pressure. He told Officer Allen, I take Xanax and Valium for my blood pressure. And Officer Allen called him out on that. He said, that medication is not for high blood pressure, that medication is for anxiety . . . ."

required." *Layton*, 263 S.W.3d at 182. Finally, the court of appeals concluded that

Appellant did not make a specific objection to Officer Allen's statements regarding the

medications, and therefore, the error had not been preserved for appeal.

We granted Appellant's petition for discretionary review to consider the following

two issues:

> Whether the Court of Appeals erred in holding that Appellant failed to
> preserve error in his objection to testimony from a police officer concerning
> use of prescription drugs.

> Whether the Court of Appeals properly applied Texas Rule of Evidence 401
> in holding that the trial court did not abuse its discretion in admitting over
> objection Appellant's statements to police that he takes prescription
> medication and the police officer's statement regarding the uses of those
> prescription medications.

## PRESERVATION OF ERROR

In order to preserve an issue for appellate review, a timely and specific objection is

required. TEX. R. APP. P. 33.1 (a)(1)(A); TEX. R. EVID. 103(a)(1); *Gillenwaters v. State*,

205 S.W.3d 534, 537 (Tex. Crim. App. 2006). A specific objection is necessary to inform

the trial judge of the issue and basis of the objection, and to allow the judge a chance to

rule on the issue at hand. *Neal v. State*, 150 S.W.3d 169, 178 (Tex. Crim. App. 2004),

citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). As we stated in

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992), "all the party has to do

to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he

wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to

understand him at a time when the trial court is in a proper position to do something about it." Beyond this, there are no specific words or technical considerations required for an objection to ensure that the issue will be preserved for appeal. *Id*. If the correct ground of exclusion was apparent to the judge and opposing counsel, no waiver results from a "general or imprecise objection." *Id.* at 908, *citing Zillender*, 557 S.W.2d at 517.

For example, we said that the one-word objection, "hearsay," was sufficient to put the trial judge and opposing counsel on notice of the reason for the objection. *Lankston*, 827 S.W.2d at 910, *explaining Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990). In addition, we have previously stated that "we will not be hyper-technical in examination of whether error was preserved." *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007).

In this case, before opening statements at the trial, Appellant presented the trial judge and State's attorney with a copy of *DeLarue v. State*, 102 S.W.3d 388 (Tex. App.– Houston [14th Dist.] 2003, pet. ref'd), upon which he based his argument for exclusion of all statements regarding his prescription-drug use.[4] Later in the trial, when the video containing the statements regarding Appellant's use of medications was offered into evidence by the State, Appellant objected and the following exchange took place outside the presence of the jury:

---

[4] In *DeLarue*, the court of appeals determined that the trial court erred in admitting evidence of marijuana found in the defendant's bloodstream to show intoxication without a Daubert-Kelly hearing, because without proof of scientific reliability, the evidence was more prejudicial than probative. 102 S.W.3d at 401.

[Defense]: Officer Allen made inquiry of Mr. Layton as to whether or not he has been taking medications. The medications admitted were Xanax and Valium. When the officer asked, well, at what time were these taken? The response given was Xanax, not today. Valium at 2:00 p.m.. There is no one here to extrapolate the life of the Valium which was taken, and as the Court already knows, there has to be an extrapolation in terms of drugs and the *DeLarue* case says that under a 403 analysis, certainly neither of those drugs should come in before the jury. This is not a situation where they would be relevant to anything because the relevance hasn't been demonstrated on the Valium and there is no relevance as to the Xanax.

[The Court]: I don't know that . . . do you have anything scientific to demonstrate to me that these have no impact on the body and what their life expectancy of each of these drugs are and when taken in one's body?

[Defense]: Actually, Judge, that's not my burden, that's the State's. They have the burden of showing you under *Kelly*.

[The Court]: Well, the relevancy is that the H.G.N. is one of the – the predicate requirements is that they have to inquire whether or not you're taking any medication as it relates to the accuracy or the – what they're looking for in the H.G.N. So your objection to relevancy is denied.

[Defense]: It might be relevant to inquiry. It is not relevant to give the answer.

[The Court]: Overruled.

[Defense]: I'm just required to make the objection and make my record.

[The Court]: You have made your record.

After receiving a copy of *DeLarue* and hearing Appellant's argument, the trial judge should have been aware of the basis of the objection. It is apparent that Appellant's objection was that evidence of his use of Xanax and Valium was inadmissible without the

State proving the accuracy and reliability of the evidence and its relevance to whether Appellant was intoxicated by the introduction of alcohol. Appellant noted that without extrapolation on the Xanax and Valium to determine their effect on the body, the State had not shown their relevance to the issue in question. Although the parties did not specifically address the officer's subsequent statements regarding the medications, such statements fall under Appellant's objection to the relevance of his use of these medications.

Appellant's objection was specific enough to put the trial judge and opposing counsel on notice of the issue and to afford them the opportunity to remedy the defect by calling an expert witness. The trial judge specifically stated that Appellant made his record for the objection. This indicates that the trial judge was aware of the basis for objection, but found it did not have any merit. Accordingly, we disagree with the court of appeals and conclude that error was preserved as to all evidence referencing Appellant's use of Xanax and Valium.

## RELEVANCE OF EVIDENCE

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990, reh'g granted). We uphold a trial judge's decision to admit evidence as long as the result is not outside the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 380.

Appellant argues that the trial judge abused his discretion by admitting evidence of Appellant's use of Xanax and Valium. If the statements were not admitted to show his intoxication, Appellant questions how they were relevant for purposes of Rule 401.

Both the trial judge and the court of appeals said that the statements about Appellant's use of Xanax and Valium were admissible as predicate inquiries to the HGN test administered when Appellant was arrested. Generally, all relevant evidence is admissible. TEX. R. EVID. 402. Relevant evidence is that which has any tendency to make the existence of any consequential fact more or less probable than it would be without the evidence. TEX. R. EVID. 401. It is important, when determining whether evidence is relevant, that courts examine the purpose for which the evidence is being introduced. *Moreno v. State*, 858 S.W.2d 453 (Tex. Crim. App. 1993). It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved. *Id*.

At trial, the jury was instructed that Appellant had been charged with the offense of operating a motor vehicle in a public place while intoxicated. The jury was also instructed as to the definition of intoxicated. The definition supplied stated that "intoxicated" meant "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." Therefore, to be relevant in this specific case, the evidence needed to influence the jury's determination of whether Appellant was intoxicated by alcohol, not another substance combined with alcohol. Without a showing

that Xanax and Valium, taken more than 24 hours and 14 hours prior, respectively, would have had a synergistic effect on Appellant's degree of intoxication by alcohol, the evidence is not relevant.

Appellant's contention on appeal is not that the evidence of his prescription-drug use is irrelevant per se, but that the relevance is conditional upon proof that it is sound and verifiable. Appellant argues that without that showing, the evidence is not reliable, and, therefore, irrelevant. When the relevance of evidence depends upon the fulfillment of a condition of fact, the court may admit the evidence contingent upon the introduction of evidence sufficient to support a finding of the fulfillment of the condition. TEX. R. EVID. 104(b). Reliability of scientific evidence demands a certain technical showing and depends on whether the evidence has a basis in sound scientific methodology. *Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996).

Scientific evidence has the ability to mislead a jury that is not properly equipped to judge the probative force of the evidence. *Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007). Pursuant to Rule 702, it is the responsibility of the trial court to determine whether the scientific evidence offered is sufficiently reliable, as well as relevant, to help the jury in reaching accurate results. *Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992). This places the trial judge in the role of a "gatekeeper," whose responsibility it is to weed out inadmissible evidence based on a lack of reliability. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002); *Jordan*, 928 S.W.2d at 555;

*Kelly*, 824 S.W.2dat 572. The proponent of scientific evidence bears the burden of proving to the trial court, by clear and convincing evidence, that the evidence is sufficiently relevant and reliable to assist the jury in determining a fact in issue. *Sexton*, 93 S.W.3d at 100; *Jackson v. State*, 17 S.W.3d 664, 670 (Tex. Crim. App. 2000); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Kelly*, 824 S.W.2d at 573.

We have previously asserted that evidence derived from a scientific theory must meet three criteria in order to be reliable in any given case: "(a) the underlying scientific theory must be valid; (b) the technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question." *Kelly*, 824 S.W.2d at 573. We also identified an nonexclusive list of factors that could influence a trial court's determination of reliability. *Id*. These include: (1) the extent to which the theory and procedure are accepted as valid by the relevant scientific community; (2) the technique's potential rate of error; (3) the availability of experts to test and assess the method or technique; (4) the clarity and precision with which the underlying scientific premise and approach can be explained to the court; and (5) the knowledge and experience of the person(s) who applied the methodology on the occasion in question. *Id*.

The essential element disputed by Appellant is that the evidence of his use of medications should not have been admitted without the State establishing that it was relevant to his intoxication. There is no evidence as to the dosage taken by Appellant, the

exact times of ingestion, or the half-life of the drug in the human body. Considering the length of time between the ingestion of the medication and the time of arrest, a lay juror is not in a position to determine whether Xanax and Valium, taken more than 12 hours before arrest, would have any effect on Appellant's intoxication. There was no testimony indicating that Officer Allen had any medical knowledge regarding the uses of Xanax and Valium, or about the effect of combining the medications with alcohol.

The trial court erred in allowing the evidence of Appellant's use of Xanax and Valium to be introduced to the jury without the State first showing that the evidence was relevant to Appellant's intoxication.

## CONCLUSION

Without expert testimony to provide the foundation required to admit scientific evidence, the testimony regarding Appellant's use of prescription medications was not shown to be relevant. The judgment of the court of appeals is reversed, and the case is remanded to the court of appeals for an analysis of harm.

Meyers, J.

Delivered: February 4, 2009

Publish