

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00685-CR

Derwin Jamaal **STRAUGHTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Bexar County, Texas
Trial Court No. 360666
The Honorable John D. Fleming, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2014

AFFIRMED AS MODIFIED

Derwin Jamaal Straughter appeals his conviction for driving while intoxicated. In two issues Straughter contends that (1) trial counsel was ineffective in failing to object to the police officer's testimony that Straughter was intoxicated on a substance other than alcohol when the officer was not qualified as an expert to give such testimony; and (2) the evidence was insufficient to support the assessment of attorney's fees because Straughter was indigent. We modify the judgment to eliminate the assessment of attorney's fees and affirm the judgment as modified.

**BACKGROUND**

San Antonio Police Officer Kevin Dorsey, who is assigned to the DWI Task Force, was the only witness to testify at trial. After detailing the specialized training he received in DWI detection, he testified about his traffic stop of Straughter. According to Officer Dorsey, on April 29, 2011, at around 1:00 a.m., he was traveling westbound on IH-10 when he passed Straughter's vehicle. Officer Dorsey checked the license plate on Straughter's vehicle and found that it had expired. He then pulled over to the right shoulder to wait for Straughter's vehicle to pass him so he could get behind it. According to Officer Dorsey, as Straughter's vehicle passed him, it almost struck the side of his patrol car. Officer Dorsey testified that Straughter's vehicle was travelling slowly, forty-two miles per hour in a sixty-five-mile-per-hour zone. Officer Dorsey then activated his emergency lights to initiate a traffic stop. Officer Dorsey then saw Straughter's vehicle signal a right turn to change lanes. As the vehicle began to exit the freeway, Officer Dorsey saw Straughter's vehicle drift over onto the right shoulder at the exit ramp. The vehicle then illegally crossed the solid white raised pavement markers on the access road. It erratically entered a Red McCombs parking lot, striking the curb and parking at an angle.

According to Officer Dorsey, as he approached Straughter's vehicle, it looked like Straughter was having trouble rolling down the window and just looked at him with a blank stare, appearing confused. Officer Dorsey opened the door and smelled a strong odor of marijuana emanating from the vehicle and a strong odor of intoxicants coming from Straughter's breath. Officer Dorsey characterized the odor of alcohol as overwhelming. While talking with Straughter, Officer Dorsey observed him fumble with a paper driver's license. Officer Dorsey testified that Straughter appeared dazed, had bloodshot eyes, and his speech was slurred. Straughter told Officer Dorsey that he was coming from downtown and had just woken up at a friend's house. Straughter admitted he had consumed a beer earlier.

Officer Dorsey asked Straughter to submit to standard field sobriety tests. As Straughter exited his vehicle, he dropped his cell phone on the concrete. According to Officer Dorsey, Straughter did not even realize he had dropped it. Straughter initially did not want to perform field sobriety tests, but eventually submitted to the three standard field sobriety tests.

When asked about his qualifications to administer field sobriety tests, Officer Dorsey testified that he is trained only to observe the depressant in alcohol and is not a drug recognition expert. According to Officer Dorsey, a drug recognition expert is trained specifically for looking at what type of drugs might be involved other than alcohol.

The first test Officer Dorsey administered to Straughter was the horizontal gaze nystagmus test. Officer Dorsey explained that the horizontal gaze nystagmus test is used for the detection of alcohol and is not used for detection of marijuana. Although only four of six clues indicate intoxication, Officer Dorsey observed all six clues with Straughter. Officer Dorsey then administered the walk-and-turn test. Although only two of eight clues indicate intoxication, Officer Dorsey observed five clues in Straughter. Officer Dorsey then administered the one-leg stand test. Although only two of four clues indicate intoxication, Officer Dorsey observed a total of four clues. Officer Dorsey testified that in making a DWI determination, he considers the field sobriety tests, any driving facts, and any other observations. He then makes a decision as to whether a person is driving while intoxicated. In this case, Officer Dorsey felt that Straughter had lost his mental and physical faculties and could not operate a motor vehicle safely. He arrested Straughter for DWI.

After arresting Straughter, Officer Dorsey asked Straughter if he was willing to provide a blood sample, but Straughter refused. Although Straughter had admitted to having consumed alcohol, Officer Dorsey testified he did not request a breath sample, because, in this case, Straughter was extremely slow in his movements and there was an odor of marijuana as well as

the intoxicants on his breath. This led Officer Dorsey to believe that not just alcohol but something else was impairing Straughter that evening. Based on what he smelled, Officer Dorsey concluded Straughter had definitely consumed an alcoholic beverage of some type and of some quantity that evening. Officer Dorsey testified that his observations led him to ask Straughter for a drug evaluation instead of a breath test. During Officer Dorsey's testimony, a video of the traffic stop and arrest was played for the jury.

The jury charge defined intoxication as the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more substances or any other substance. After hearing all the evidence, the jury found Straughter guilty.

DISCUSSION

In his first issue, Straughter argues that his trial counsel was ineffective in failing to object to the opinion evidence given by Officer Dorsey that Straughter was intoxicated due to something other than alcohol. According to Straughter, because Officer Dorsey was not qualified as a drug-recognition expert, his opinion was irrelevant.

We measure a claim of ineffective assistance of counsel against the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test). A person claiming that counsel was ineffective must prove, by a preponderance of the evidence, that (1) counsel's performance was deficient, falling below an "objective standard of reasonableness," and (2) the deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) (quotation omitted). Further, we "indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that the challenged action might be considered sound trial

strategy." *Id.* (quotation omitted). "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." *Id.* "The *Strickland* test is judged by the 'totality of the representation,' not by counsel's isolated acts or omissions, and the test is applied from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Id.* Thus, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In order to address Straughter's ineffective assistance of counsel claim, we necessarily must consider whether the testimony about which Straughter complains was objectionable. To support his argument, Straughter relies on *Layton v. State*, 280 S.W.3d 235 (Tex. Crim. App. 2009). In *Layton*, a video showing the appellant's traffic stop, in which the appellant stated he had consumed alcohol and both Xanax and Valium, was offered by the State. *Id.* at 237. According to the appellant, the trial court erred in overruling his motion to suppress because his statements regarding drug use were irrelevant. *Id.* at 237-38. The appellant contended that the statements were irrelevant without expert testimony to provide foundation to show his use of medications was relevant to his intoxication. *Id.* The Texas Court of Criminal Appeals explained that the jury charge defined "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." *Id.* at 241. "Therefore, to be relevant in this specific case, the evidence needed to influence the jury's determination of whether appellant was intoxicated by alcohol, not another substance combined with alcohol." *Id.* The Court of Criminal Appeals found the evidence to be irrelevant because there was no evidence as to the dosage taken, the exact times of ingestion, or the half-life of the drug; thus, the lay juror would not be able to determine whether the drugs would have any effect on the appellant's intoxication. *Id.* at 241-42. Further, the court of criminal appeals noted there was no testimony that the officer had medical

knowledge regarding the uses of Xanax and Valium or the effect of combining them with alcohol. *Id.* Thus, the court concluded the appellant's use of the drugs was irrelevant to his intoxication. *Id.*

The State argues that *Layton* is distinguishable because in *Layton* the evidence showed that the appellant had, in fact, taken Xanax and Valium whereas in this case, the evidence showed Officer Dorsey, who admittedly was not a drug recognition expert, did not know what substance, other than alcohol, Straughter may have taken. According to the State, Officer Dorsey's statements regarding the odor of marijuana and Straughter being intoxicated with something other than alcohol were based on his observations at the scene and were not expert opinions. We agree with the State. Officer Dorsey made it clear in his testimony that he was not a drug recognition expert and that he did not know what substance, other than alcohol, Straughter may have taken. Instead, his testimony focused on his own qualifications, experience, and observations regarding intoxication due to alcohol and on Straughter's intoxication due to alcohol. He made it clear that he was not a drug recognition expert, and he made no attempt to offer any scientific or medical opinion. Under these circumstances, it could have been trial counsel's strategic decision not to object to the testimony. As stated above, ineffective assistance of counsel must be firmly founded in the record, and we are unable to say that it is in this case. Thus, Straughter has not satisfied the first prong of the *Strickland* standard.

Further, even if Officer Dorsey's testimony regarding Straughter's intoxication due to some substance, other than alcohol, was objectionable, we cannot say that Straughter has met the second *Strickland* prong — that there would have likely been a different outcome at trial. Straughter compares this case to *Delane v. State*, 369 S.W.3d 412 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). In *Delane*, the appellant was charged with driving while intoxicated. *Id.* at 414. The officer did not detect any odor of alcohol on the appellant, but the appellant admitted to having taken two different prescription medications. *Id.* at 415. The officer testified that he was not a drug

recognition expert, but nevertheless testified, in great detail, about the prescription medications and their effects on the appellant. *Id.* at 415-16. The officer then testified that the medications the appellant was taking could not have caused the signs of intoxication he saw in the appellant and, therefore, the appellant must have had some other narcotic in his system. *Id.* at 416. The First Court of Appeals concluded the officer's testimony concerning the medications was not relevant or reliable because the officer "was not qualified to offer such detailed testimony concerning appellant's prescription medications or his understanding of the effects of the prescriptions on appellant." *Id.* at 422. The court found such detailed and extensive testimony to be harmful error. *Id.* at 424.

By contrast, Officer Dorsey's testimony regarding his suspicion of Straughter's impairment being caused by something other than alcohol was not detailed, nor was it extensive. Officer Dorsey's testimony focused primarily on Straughter's impairment due to alcohol. He testified to the strong odor of alcohol and made it clear that when administering field sobriety tests, he was qualified only to detect impairment due to alcohol. Thus, even if the testimony was objectionable, we cannot say it was harmful error for it to be admitted. Straughter has, therefore, also failed to satisfy the second prong of the *Strickland* standard.

In his second issue, Straughter contends the evidence is insufficient to support the imposition of attorney's fees because the record does not show that his financial circumstances materially changed after the trial court found him to be indigent. The State concedes this issue and agrees the judgment should be modified to delete the assessment of attorney's case. We therefore sustain this issue and modify the judgment to delete any assessment of attorney's fees.

We affirm the trial court's judgment in all other respects.

Karen Angelini, Justice

Do not publish