

# NUMBER 13-13-00130-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID WOOD,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant David Wood challenges his conviction after a bench trial for class A

misdemeanor assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West, Westlaw

through 2013 3d C.S.). By two issues, appellant complains of the trial court's

adjudication on the misdemeanor assault charge, which was a lesser-included offense of the originally indicted offense of felony injury to a child.   We affirm.

## I.   Background[1]

Appellant was indicted for injury to a child, a first-degree felony, in connection with his alleged assault of A.W., his son.   *See id.* § 22.04(a), (e) (West, Westlaw through 2013 3d C.S.).   Appellant pleaded not guilty, and his case was tried to the bench.   After the close of evidence and argument by counsel, the trial court adjudicated appellant guilty of class A misdemeanor assault.   *See id.* § 22.01(a)(1), (b).   This appeal followed.

## II.   Discussion

By two issues on appeal, appellant complains of the trial court's verdict on a lesser-included offense, arguing that class A misdemeanor assault is not a lesser-included offense of felony injury to a child and that his due process rights were violated because he had no notice that the trial court was considering a lesser-included offense.[2]   Neither argument was made to the trial court.   Because appellant failed to present the complaints to the trial court he now makes on appeal, he failed to preserve them for our review.   *See* TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) ("A

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[2] Appellant also seems to raise a double jeopardy issue, complaining that "appellant cannot be reprosecuted [for the greater offense of felony injury to a child] . . . , since the court implicitly found appellant not guilty of the felony charge."   We express no opinion on this statement of the law; nothing in the record indicates that appellant has been "reprosecuted," so his double jeopardy issue is, if cognizable at all, premature at this stage.

Finally, appellant asserts that he was denied effective assistance of counsel but cites no authority and makes no substantive argument in support of this assertion.   It is therefore inadequately briefed, and our review is waived.   *See* TEX. R. APP. P. 38.1(i).

specific objection is necessary to inform the trial judge of the issue and basis of the objection, and to allow the judge a chance to rule on the issue at hand.").   Appellant's issues are overruled.

### III.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 30th
day of October, 2014.