**Affirmed and Opinion Filed November 6, 2015**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01063-CR

**DOMINICK GARDNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F11-61255-K**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Dominick Gardner appeals his conviction for aggravated assault with a deadly weapon. After finding appellant guilty, the jury assessed punishment, enhanced by a prior felony conviction, at twenty years in prison. In three issues, appellant claims the trial court erred by admitting certain evidence. We affirm.

LaStacey Harris told the jury she knew appellant and considered him a friend. In early August of 2011, after she argued with appellant's friend, J.J., appellant threatened her with a gun. She called police to report the incident. Three weeks later, while walking away from the MS Express convenience store near the Bella Vista Apartments in south Dallas, Harris saw appellant and J.J. Although she tried to avoid them, appellant walked toward Harris and shot her repeatedly with the gun he was carrying. After he ran out of bullets, appellant turned and walked

away. Someone from the apartments called 911, and Harris was transported to the hospital. Despite being shot nine times, Harris recovered and identified appellant as the man who shot her. He was then arrested and charged with aggravated assault.

While he was in custody awaiting trial, appellant's telephone conversations were recorded. During its case-in-chief, the State offered three recordings as well as a transcript of the conversations. Appellant objected to this evidence on the grounds that the conversations were not relevant, the recordings contained hearsay, and their admission was more prejudicial than probative. The trial court overruled his objections, and the recordings were admitted. After hearing this and other evidence at trial, including Harris's testimony, the jury found appellant guilty.

In three issues, appellant claims the trial court erred by admitting portions of the recordings of his telephone calls while in jail. As he did at trial, appellant argues this evidence was not relevant, contained hearsay, and was more prejudicial than probative.

We review a trial court's decision to admit or exclude evidence, as well as its decision on whether or not the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We uphold a trial court's decision to admit evidence as long as the result is within the zone of reasonable disagreement. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009).

Relevant evidence is that which has any tendency to make the existence of any consequential fact more or less probable than it would be without the evidence. TEX. R. EVID. 401; *Layton*, 280 S.W.3d at 240. When determining whether evidence is relevant, courts should examine the purpose for which the evidence is being introduced. *See Moreno v. State*, 858 S.W.2d 453, 465 (Tex. Crim. App. 1993). There should be a direct or logical connection

between the actual evidence and the proposition sought to be proved. *Id*.; *Layton*, 280 S.W.3d at 240. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. When undertaking a rule 403 analysis, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against any tendency of the evidence to (3) suggest decision on an improper basis, (4) confuse or distract the jury from the main issues, or (5) be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007). Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Martinez*, 327 S.W.3d at 737.

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). An extrajudicial statement offered for the purpose of showing what was said rather than for the truth of the matter stated is not hearsay. *Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995).

At trial, the State offered the recordings of three of appellant's telephone conversations while in jail as well as transcripts of the conversations. Although appellant objected to the admission of all three calls, on appeal he complains of the admission of only two conversations whose complained-of contents are detailed below. The first conversation occurred December 1, 2012 between appellant and an unidentified person:

Appellant: Huh, I'm trying to see. Shit I don't know. I really want to go to trial. I really want to go to trial and get it dropped, cause he, they was like uh if I

go to trial and they can't show up to trial. If they don't show up to trial then it will be dropped.  Ain't nobody saw me, ain't nobody saying nothing.

Unidentified:  I don't think you should go to trial.

Appellant:     Huh?

Unidentified:  I don't think you should go to trial.

The second complained-of conversation between appellant and an unidentified person

occurred December 6, 2012:

Appellant:     Man uh, I'm trying to see when I go back to court. My nigga, so I can hurry up and get this shit out the way.

Unidentified:  What they talking about dropping it or what they talking bout doing?

Appellant:     Man, only way they'll drop it if, you know what I'm saying, she don't show up to court.

Unidentified:  Stacey been coming?

Appellant:     Huh?

Unidentified:  Stacey been coming?

Appellant:     Naw, I don't know.  They ain't, man bro, they ain't got really shit my nigga on me at all except just her saying that I did the shit. You know what I'm saying?

With respect to appellant's claim the statements contained hearsay, the State argued they

were not hearsay because appellant's statements were admissions of a party opponent and the

statements of the other voice were offered not for the truth of the matters asserted, but to give

context to appellant's comments.  Having considered the evidence, we agree with the State and

conclude the trial court did not err by overruling his hearsay objection.  *See Dinkins*, 894 S.W.2d

at 347 (appointment book with names not hearsay; not admitted to prove appellant was a patient

but to explain how he became a suspect); *McNeil v. State*, 452 S.W.3d 408, 419 (Tex. App.—

Houston [1st Dist.] 2014, pet. ref'd) (interviewers' statements not hearsay because not offered

for truth of matter but to give context to defendant's statements).

Next, appellant argues the statements were not relevant. Appellant's comments that "nobody" saw him other than Harris, she was the one saying he "did the shit," and the case would be dropped if Harris did not show up to court are inculpatory and, therefore, have a tendency to make appellant's guilt more or less probable than it would be without the evidence. Because these statements are relevant, we conclude the trial court did not err by overruling appellant's relevancy objections.

Finally, appellant argues the recordings should have been excluded because he claims they had a "high tendency to confuse or distract the jury from the main issues" and the "tendencies were so high that they outweighed any probative force and the State's need for that evidence." After reviewing the rule 403 factors and the record, we cannot agree.

Regarding the first factor—probative value—the trial court in this case could have reasonably concluded the appellant's telephone conversations had probative value. Appellant stated nobody saw him and that if Harris "c[ouldn't] show up," his case would be dropped. This evidence tended to make it more probable that appellant shot Harris; thus, this factor weighs in favor of admissibility. Under the second factor, although Harris knew appellant and identified him as the shooter, the trial court could have reasonably concluded the State needed appellant's inculpatory statements in light of Harris's other admissions at trial, including that she used and sold drugs, had in fact used drugs on the day she was shot, and had been previously arrested and convicted for prostitution. This factor also weighs in favor of admissibility.

Considering the third through fifth factors, nothing in the record shows the telephone conversations had a tendency to suggest the jury make a decision on an improper basis or were likely to confuse or distract the jury from the main issues in the case. In fact, the content of the conversations related directly to the main issue—whether appellant shot Harris. Likewise, regarding the fifth factor, there is no suggestion or evidence in the record that the conversations

were given undue weight or that the jury was equipped to evaluate the probative force of the evidence. These factors again weigh in favor of admissibility.

Under the sixth factor, the conversations were short and the trial court could have concluded their presentation would not consume an "inordinate amount of time." Furthermore, nothing in the record suggests they repeated any evidence already admitted. These factors weigh in favor of the State's position. Because we conclude the rule 403 factors weigh in favor of admitting appellant's telephone conversations, the trial court did not abuse its discretion.

Finally, we note that even if the trial court erred by admitting the telephone conversations, we would nevertheless conclude appellant was not harmed by their admission. Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have a fair assurance that the error did not influence the jury, or had but a slight effect. *See* TEX. R. APP. P. 44.2.(b); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). To assess the likelihood the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Id*. Overwhelming evidence of guilt is a factor in any thorough harm analysis. *Id*. at 357–58.

Here, Harris testified she knew appellant and that, after an altercation with a friend of his, he threatened her with a gun. Weeks later, he walked up to her and, unprovoked, shot her nine times. Given this, along with the other evidence admitted, we believe it unlikely that admission of the telephone conversations had a substantial effect on the jury. We overrule appellant's three issues.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)
141063F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DOMINICK GARDNER, Appellant

No. 05-14-01063-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F11-61255-K.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

　　Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 6, 2015.