COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MARCO TORRES, | | No. 08-09-00165-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080D01730) |
| | § | |
| | § | |

## **O P I N I O N**

Marco Torres appeals his conviction for felony murder.  Appellant was sentenced to 8 years' confinement.  He raises two issues:  first, that he was improperly convicted of felony murder because the underlying felony was aggravated assault; second, that the trial court erred by refusing to charge the jury on the lesser-included offense of manslaughter.

During July 2006, Appellant was the business manager of a Sam's Club store in El Paso, Texas.  He befriended another worker at Sam's named Juan Hernandez ("Johnny").  On July 10, 2006, the two men decided to have a cookout at Appellant's apartment.  Over the course of several hours, the two men consumed a significant amount of alcohol.  At around 1:30 a.m., after arguing for some time, Appellant took a handgun from his room and pointed it at Johnny.  Moments later, Appellant pulled the trigger and a single shot hit Johnny in the chest, killing him.

On April 16, 2008, Appellant was indicted for one count of murder.  The State alleged that while in the course of committing the felony offense of aggravated assault by intentionally or knowingly threatening Johnny with imminent bodily injury, Appellant committed an act clearly

dangerous to human life, "to wit: discharge a firearm that caused the death of [Johnny]." A jury found Appellant guilty of murder and assessed his punishment at confinement for a period of eight years.

In Issue One, Appellant asserts that his conviction for felony murder under Section 19.02(b)(3) of the Texas Penal Code, must be reversed as a violation of due process because the underlying felony, aggravated assault, was the same act that killed the victim. As the State points out, however, this argument was never raised in the trial court. To preserve a complain for appellate review it is the Appellant's burden to create a record which demonstrated that the complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on the same. TEX.R.APP.P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238-39 (Tex.Crim.App. 2009). Because there is no record of Appellant's complaint in Issue One being raised in the trial court, Issue One must be overruled for lack of preservation. *See Layton*, 280 S.W.3d at 239.

In Issue Two, Appellant contends the trial court committed reversible error by refusing his request that the jury be instructed on the lesser-included offense of manslaughter. The State responds by arguing that Appellant's argument must be overruled because manslaughter is not a lesser-included offense of felony murder.

Whether or not a particular offense is properly classified as a lesser-included of the charged offense is a question of law. *Hall v. State*, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007). The Texas Code of Criminal Procedure provides that an offense is a "lesser-included offense" if it falls withing at least one of the following categories: (1) the lesser offense is established by proof of the same or less than all the facts required to established the commission of the offense

charged; (2) the lesser offense differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest established its commission; (3) the lesser offense differs from the charged offense only in the respect that a less culpable mental state is sufficient to establish its commission; or (4) the lesser offense consists of an attempt to commit the charged offense, or another included offense. *See* Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 2006). If the answer to this first inquiry is "yes," the court must also determine whether there is some evidence in the record, "that would permit a jury rationally to find that if [Appellant] is guilty, he is guilty only of the lesser-included offense." *Hall*, 225 S.W.3d at 536.

Appellant was indicted and tried for the offense of felony murder as follows: (1) Appellant; (2) intentionally or knowingly; (3) threatened Juan Hernandez with imminent bodily injury; (4) used or exhibited a deadly weapon, to wit: a firearm; (5) and in the course of and in furtherance of the commission of the offense (aggravated assault); (6) committed an act clearly dangerous to human life, to wit: discharge a firearm; (7) that caused the death of Juan Hernandez.

The elements of the offense of manslaughter are as follows: (1) the defendant; (2) recklessly; (3) caused the death of and individual. Tex.Penal Code Ann. § 19.04(a)(Vernon 2003).

As a comparison of the two offenses indicates, felony murder, unlike manslaughter, does not require a culpable mental state. *See* Tex.Penal Code Ann. § 19.04; *see also Lomax v. State*, 233 S.W.3d 302, 306-07 (Tex.Crim.App. 2007)(noting, "the very nature of the felony-murder rule is that there is no culpable mental state 'for the act of murder.'"). Because manslaughter

requires proof of a culpable mental state and felony murder does not, the elements of the requested lesser-included offense are not established by proof of the same or less than all of the facts required to establish the charged offense. *See Lomax*, 233 S.W.3d at 307-08. Accordingly, Appellant's argument fails under the first step of the Article 37.09 analysis, and there is no need to address the second part of the analysis. *See* TEX.CODE CRIM.PROC.ANN. art. 37.09; *Hall*, 225 S.W.3d at 536. Accordingly, Issue Two is overruled.

We affirm the trial court's judgment.

September 1, 2010

DAVID WELLINGTON CHEW, Chief Justice

Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)