Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-10-00322-CR

Kimberly R. **SADA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR2005
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 2, 2011

AFFIRMED

A grand jury indicted appellant, Kimberly Sada, for possession of a controlled substance, less than one gram of cocaine.  After the trial court denied her motion to suppress the drug evidence, appellant waived her right to a jury trial and entered into a plea-bargained guilty plea. On appeal, she asserts the trial court erred by denying her motion to suppress because the arresting officer did not have probable cause to initially arrest her for driving under the influence. We disagree and affirm.

**BACKGROUND**

The only evidence adduced at the suppression hearing was the testimony of San Antonio Police Officer Rachel Mendez. On January 13, 2009, Mendez was dispatched to the scene of an unconscious person sitting in a running vehicle in the area of Houston Street and Interstate 10.[1] When Mendez arrived at the scene, she observed appellant slumped over the driver's seat, while the vehicle was in one of the Houston Street lanes with the transmission still in the drive position. Appellant was unconscious and unresponsive. Mendez spoke to appellant and shook her in an attempt to rouse her. When appellant finally spoke, she was "very incoherent, [and] had] very slurred speech." At this point in time, Mendez believed appellant was intoxicated and posed a danger to both herself and anyone else on the roadway because, with the transmission still in drive, the vehicle could have rolled forward with no one controlling it. Mendez reached into the vehicle and put the transmission into park to prevent the vehicle from rolling. When another officer arrived at the scene, they called EMS because appellant appeared to be going in and out of consciousness. The officers got appellant out of the vehicle but she had "a hard time holding herself up or standing on her own." Mendez asked appellant if she had taken anything, and Mendez thought appellant responded that she had taken Xanax. For all these reasons, Mendez decided to arrest appellant for "DWI because she was under the influence."

Mendez then asked appellant if she had anything on her such as any drugs or weapons. Because the officers had decided to arrest appellant for DWI, Mendez began to search appellant. During the pat-down, appellant continuously tried to reach for her bra. Mendez said that for her own safety she pulled appellant's bra out through her clothing and a small baggie that appeared to contain a controlled substance fell to the ground. The substance field-tested positive for

---

[1] The record does not indicate the time of day.

cocaine. Once the cocaine was discovered, EMS decided to give appellant a shot of Narcan in the event appellant overdosed. Appellant was transported to the hospital.

On cross-examination, defense counsel focused on the point in time at which Mendez decided to arrest appellant relative to when Mendez began to search appellant. Mendez said EMS personnel were present while she searched appellant, but she could not remember at what point in time EMS personnel examined appellant. Mendez admitted appellant was not under arrest when she was taken out of the vehicle and Mendez admitted she did not conduct any of the usual sobriety field tests. Mendez's report did not indicate appellant was arrested for DWI, but instead noted the offense as possession of a controlled substance. However, Mendez explained that appellant was already under arrest for DWI when Mendez pulled on appellant's bra because at that point appellant said she had taken Xanax. Mendez explained that at the time she wrote her report, the decision not to arrest appellant for driving under the influence had already been made because appellant was taken to the hospital.

## STANDARD OF REVIEW

On appeal, appellant asserts Mendez's search violated the Fourth Amendment to the United States Constitution as well as article I, section 9, of the Texas Constitution. Both the Fourth Amendment to the United States Constitution and article I, section 9, of the Texas Constitution protect the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. 1, § 9. Article I, section 9 of the Texas Constitution does not offer greater protection to individuals against unreasonable searches and seizures than the Fourth Amendment. *Garza v. State*, 137 S.W.3d 878, 885 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Therefore, we make no distinction between appellant's federal and state claims.

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We view the record in the light most favorable to the trial court's ruling and will reverse only if the ruling is outside the zone of reasonable disagreement. *Id.* We give almost total deference to the trial court's determination of historical facts, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo the trial court's application of the law of search and seizure to the facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590.

## ANALYSIS

Appellant phrases the issue on appeal as whether Mendez had probable cause to initially arrest appellant for DWI without a warrant. Appellant asserts Mendez never developed probable cause that appellant was intoxicated from Xanax because that information standing alone did not amount to sufficient probable cause to believe appellant had committed the offense of driving while intoxicated. According to appellant, because an inquiry into whether she had a medical emergency or was under the influence was on-going when she was searched, she was not "under arrest" at the time of the search, and therefore, the drug evidence should have been suppressed.

Appellant concedes the definition of "intoxication" includes "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body . . . ." TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2003). However, appellant contends the State failed to meet its burden of proof at the suppression hearing with

any competent or reliable evidence that the loss of appellant's use of her normal mental and physical faculties was attributable to the ingestion of Xanax.

Appellant relies on the Texas Court of Criminal Appeals' opinion in *Layton v. State*, 280 S.W.3d 235 (Tex. Crim. App. 2009) for her argument that a lay person, such as Mendez, is not competent to determine whether Xanax would have any effect on appellant's condition. The defendant in *Layton* was charged with driving while intoxicated by the introduction of alcohol into the body. *Id.* at 238. On appeal, the defendant argued the trial court erred by admitting evidence of his use of Xanax and Valium without requiring the State to show the relevance of the testimony regarding his use of the drugs through reliable and competent scientific evidence. Both the trial court and the court of appeals determined the testimony about the defendant's use of Xanax and Valium was admissible as predicate inquiries to the HGN test administered when he was arrested. *Id.* at 241. However, the Court of Criminal Appeals agreed with the defendant's argument because there was no evidence as to the dosage taken by the defendant, the exact times of ingestion, or the half-life of the drug in the human body, and there was no testimony indicating the arresting officer had any medical knowledge regarding the uses of Xanax and Valium, or about the effect of combining the medications with alcohol. *Id.* at 241-42.

Appellant's reliance on *Layton* is misplaced. In *Layton* the issue was whether evidence, introduced at trial, of the defendant's use of Xanax and Valium was inadmissible without the State proving the accuracy and reliability of the evidence and its relevance to whether the defendant was intoxicated by the introduction of alcohol. Here, the issue is whether Mendez had probable cause to arrest appellant for driving under the influence based on the totality of the circumstances facing the arresting officer. Therefore, we do not agree that the State was required to produce expert testimony on the effect of Xanax on appellant's condition.

A warrantless arrest involves the existence of probable cause to believe that some offense has been or is being committed. *See Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006). To establish probable cause to arrest, the evidence must show that at that moment of the arrest the facts and circumstances within the officer's knowledge and of which she had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the arrested person had committed or was committing an offense. *Id.* The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). A finding of probable cause requires "more than bare suspicion" but "less than . . . would justify . . . conviction." *Id.* (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

Mendez testified that the following circumstances led her to believe appellant was under the influence: she was found unconscious in the driver's seat with the vehicle still in drive and not in park; she was slurring her speech; she could "barely hold herself up"; and she said she had taken Xanax. Under the totality of the circumstances facing the arresting officer, the trial court could have concluded it was not unreasonable for Mendez to believe appellant's behavior and condition were indicative of intoxication and Mendez had probable cause to arrest appellant for driving while intoxicated. As the sole judge of Mendez's credibility, the trial court apparently believed Mendez's explanation that the decision to arrest appellant for DWI was made before the search began; however, because appellant was given a dose of Narcan and taken to the hospital, she was not ultimately arrested for DWI but was, instead, arrested for possession of a controlled substance. On this record, we conclude the trial court did not abuse its discretion by denying appellant's motion to suppress.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish