Opinion filed October 21,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00059-CR

                                                    __________

 

                                        GROVER SIMS, Appellant

                                                             V.

                                      STATE OF TEXAS, Appellee

 



 

                                     On
Appeal from 385th District Court 

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR35166



                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Grover Sims of felony driving while intoxicated and assessed his
punishment at twelve years confinement and a $10,000 fine.  Sims argues that
the trial court abused its discretion by allowing a police officer to testify
as an expert witness.  We affirm the trial court’s judgment.

            The
State called Midland Police Sergeant Craig Matthews as an expert witness.  Sergeant
Matthews testified that he had attended the Standardized Field Sobriety Testing
School, the Drug Impaired Training for Educational Professionals Course, the
Behavior Recognition for Educational Professionals Course, the Drug Recognition
Expert Instructor Course, and the Advanced Roadside Impaired Driving
Enforcement Course.  Sergeant Matthews testified that he was now an instructor
for each of these courses.  The State then offered Sergeant Matthews as an
expert on intoxication related offenses, the effects of intoxication on the
body, standardized field sobriety tests, and the standardized field sobriety
course.  Sims objected, contending that Sergeant Matthews was no more qualified
than any other police officer as an expert on intoxication.  The trial court ruled
that Sergeant Matthews could only testify as an expert on intoxication related
offenses and standardized field sobriety tests.

            The
State requested an opportunity to lay an additional predicate for Sergeant
Matthews’s ability to testify as an expert on the effects of alcohol on the
human body, and the trial court consented.  Sergeant Matthews testified that
all of the courses he described dealt with the effects of alcohol on the body
and the outward appearances alcohol use manifests.  He has instructed others
with regard to the effects of alcohol on the body and how alcohol is absorbed
into the body.  He has had training on tolerance for alcohol and on
homeostasis.  Sergeant Matthews testified that an entire chapter of his
materials in the Drug Recognition Expert Program was devoted to homeostasis and
tolerance.  Sergeant Matthews has fifteen years experience and has dealt with
at least 500 people who were under the influence of drugs or alcohol.  He has
personally conducted ninety-three drug influence evaluations and has supervised
others performing evaluations.  As part of the classes he has taught,
volunteers drank alcohol so that the students could observe the effects of
alcohol and learn how to recognize them.  Finally, Sergeant Matthews testified
that he has been able to compare his observations against an individual’s
tested blood alcohol level.

            The
State then reoffered Sergeant Matthews as an expert on the effects of alcohol
on the body as well as on tolerance and homeostasis.  Sims renewed his
objection.  The trial court overruled that objection.  Sergeant Matthews then testified
that alcohol is a central nervous system depressant that sometimes results in
lethargy, such as droopy eyes, a tired appearance, or rubbery legs.  Even
though a depressant, alcohol elevates a person’s pulse.  He described
homeostasis as the chemicals within the body and testified that, when a new
chemical is introduced, it changes the person’s homeostasis.  He testified that
over a period of time a person can develop a tolerance to alcohol.  A person
with a tolerance for alcohol can eliminate alcohol from their body faster and
can appear unimpaired.  Midland Police Officer Ernest Neil Truex testified that
he administered an intoxilyzer test to Sims.  Sims provided two samples.  They
were measured at .164 and .147.  Sergeant Matthews testified that a person with
an alcohol tolerance could register .164 on a breath test but look outwardly
normal.

            The
trial court’s decision on the admissibility of expert testimony is reviewed for
an abuse of discretion.  Alvarado v. State, 912 S.W.2d 199, 216 (Tex.
Crim. App. 1995).  We will uphold the trial court’s decision unless it lies
outside the zone of reasonable disagreement.  Layton v. State, 280 S.W.3d
235, 240 (Tex. Crim. App. 2009).  A trial court’s determination that a witness
is or is not qualified to testify as an expert is afforded great deference.  Davis
v. State, 313 S.W.3d 317, 350-51 (Tex. Crim. App. 2010).  These rulings are
rarely disturbed by appellate courts.  Vela v. State, 209 S.W.3d 128,
136 (Tex. Crim. App. 2006).

            Rule
702 provides that, “[i]f scientific, technical, or other specialized knowledge
will assist the trier of fact to understand the evidence or to determine a fact
in issue, a witness qualified as an expert by knowledge, skill, experience,
training, or education may testify thereto in the form of an opinion or
otherwise.”  Tex. R. Evid. 702. 
The evaluation of an expert’s qualifications entails a two-step inquiry:  first,
a witness must first have a sufficient background in a particular field, and
second, the trial court must determine whether that background goes to the very
matter on which the witness is to give an opinion.  Vela, 209 S.W.3d at
131.  To be qualified to give expert opinion testimony, the witness must
possess some additional knowledge or expertise beyond that possessed by the
average person.  Davis, 313 S.W.3d at 350.

            In Rodgers
v. State, 205 S.W.3d 525, 528 (Tex. Crim. App. 2006), the Court of Criminal
Appeals outlined three criterion to be used in assessing whether a trial court
has clearly abused its discretion in ruling on an expert’s qualifications. 
These include:  (1) whether the field of expertise is complex; (2) how
conclusive the expert’s opinion is; and (3) the centrality of the area of
expertise to the resolution of the lawsuit.  In considering these criterion,
“the appellate court must review the trial court’s ruling in light of what was
before that court at the time the ruling was made.”  Id. at 528-29.

            The
effects alcohol has on a human body and whether an individual can develop a
tolerance to alcohol are not complex subjects.  Homeostasis can potentially
involve complex areas of inquiry, but Sergeant Matthews did little more than
define the term.  Sergeant Matthews did not render any conclusive opinions but
provided only general information.  Finally, his area of expertise was not
central to the resolution of the suit.  The focus of the trial was Officer
Truex’s observations and Sims’s intoxilyzer test results.  Sergeant Matthews
did not opine that Sims was intoxicated or express any opinion on Officer
Truex’s testimony.

            Sergeant
Matthews has had considerable training and experience in the field of alcohol
detection.  This is not to say that he would be qualified to render an opinion
merely because it touches upon alcohol and its effects on the body.  There
could, for example, be areas of inquiry that require a medical expert; but
Sergeant Matthews was not asked any such question.  We note that the trial
court’s ruling was limited to whether Sergeant Matthews was an expert.  The
trial court was not called upon to determine the extent of his expertise
because there was no objection to any of the State’s questions.[1] 
The trial court did not abuse its discretion by finding that Sergeant Matthews
was an expert on the effects of alcohol and tolerance to alcohol.  Issue One is
overruled.  

            Sims’s
second issue contends that he was harmed by the erroneous admission of Sergeant Matthews’s
testimony.  Because we have found no error, it is unnecessary to address this
issue.  The judgment of the trial court is affirmed.  

 

            

            RICK STRANGE

 

                                                                                    JUSTICE

 

October 21, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Sims did object to a subsequent question asking if
there was a correlation between exhibiting six clues on the HGN test and a
blood alcohol level above .08.  The trial court ruled that Sergeant Matthews
could answer that question but that he could not opine on Sims’s specific blood
alcohol level.