**Opinion filed October 21, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00059-CR
_____

### GROVER SIMS, Appellant

### V.

### STATE OF TEXAS, Appellee

---

**On Appeal from 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35166**

---

### M E M O R A N D U M   O P I N I O N

The jury convicted Grover Sims of felony driving while intoxicated and assessed his punishment at twelve years confinement and a $10,000 fine. Sims argues that the trial court abused its discretion by allowing a police officer to testify as an expert witness. We affirm the trial court's judgment.

The State called Midland Police Sergeant Craig Matthews as an expert witness. Sergeant Matthews testified that he had attended the Standardized Field Sobriety Testing School, the Drug Impaired Training for Educational Professionals Course, the Behavior Recognition for

Educational Professionals Course, the Drug Recognition Expert Instructor Course, and the Advanced Roadside Impaired Driving Enforcement Course. Sergeant Matthews testified that he was now an instructor for each of these courses. The State then offered Sergeant Matthews as an expert on intoxication related offenses, the effects of intoxication on the body, standardized field sobriety tests, and the standardized field sobriety course. Sims objected, contending that Sergeant Matthews was no more qualified than any other police officer as an expert on intoxication. The trial court ruled that Sergeant Matthews could only testify as an expert on intoxication related offenses and standardized field sobriety tests.

The State requested an opportunity to lay an additional predicate for Sergeant Matthews's ability to testify as an expert on the effects of alcohol on the human body, and the trial court consented. Sergeant Matthews testified that all of the courses he described dealt with the effects of alcohol on the body and the outward appearances alcohol use manifests. He has instructed others with regard to the effects of alcohol on the body and how alcohol is absorbed into the body. He has had training on tolerance for alcohol and on homeostasis. Sergeant Matthews testified that an entire chapter of his materials in the Drug Recognition Expert Program was devoted to homeostasis and tolerance. Sergeant Matthews has fifteen years experience and has dealt with at least 500 people who were under the influence of drugs or alcohol. He has personally conducted ninety-three drug influence evaluations and has supervised others performing evaluations. As part of the classes he has taught, volunteers drank alcohol so that the students could observe the effects of alcohol and learn how to recognize them. Finally, Sergeant Matthews testified that he has been able to compare his observations against an individual's tested blood alcohol level.

The State then reoffered Sergeant Matthews as an expert on the effects of alcohol on the body as well as on tolerance and homeostasis. Sims renewed his objection. The trial court overruled that objection. Sergeant Matthews then testified that alcohol is a central nervous system depressant that sometimes results in lethargy, such as droopy eyes, a tired appearance, or rubbery legs. Even though a depressant, alcohol elevates a person's pulse. He described homeostasis as the chemicals within the body and testified that, when a new chemical is introduced, it changes the person's homeostasis. He testified that over a period of time a person can develop a tolerance to alcohol. A person with a tolerance for alcohol can eliminate alcohol from their body faster and can appear unimpaired. Midland Police Officer Ernest Neil Truex

2

testified that he administered an intoxilyzer test to Sims. Sims provided two samples. They were measured at .164 and .147. Sergeant Matthews testified that a person with an alcohol tolerance could register .164 on a breath test but look outwardly normal.

The trial court's decision on the admissibility of expert testimony is reviewed for an abuse of discretion. *Alvarado v. State*, 912 S.W.2d 199, 216 (Tex. Crim. App. 1995). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). A trial court's determination that a witness is or is not qualified to testify as an expert is afforded great deference. *Davis v. State*, 313 S.W.3d 317, 350-51 (Tex. Crim. App. 2010). These rulings are rarely disturbed by appellate courts. *Vela v. State*, 209 S.W.3d 128, 136 (Tex. Crim. App. 2006).

Rule 702 provides that, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. The evaluation of an expert's qualifications entails a two-step inquiry: first, a witness must first have a sufficient background in a particular field, and second, the trial court must determine whether that background goes to the very matter on which the witness is to give an opinion. *Vela*, 209 S.W.3d at 131. To be qualified to give expert opinion testimony, the witness must possess some additional knowledge or expertise beyond that possessed by the average person. *Davis*, 313 S.W.3d at 350.

In *Rodgers v. State*, 205 S.W.3d 525, 528 (Tex. Crim. App. 2006), the Court of Criminal Appeals outlined three criterion to be used in assessing whether a trial court has clearly abused its discretion in ruling on an expert's qualifications. These include: (1) whether the field of expertise is complex; (2) how conclusive the expert's opinion is; and (3) the centrality of the area of expertise to the resolution of the lawsuit. In considering these criterion, "the appellate court must review the trial court's ruling in light of what was before that court at the time the ruling was made." *Id.* at 528-29.

The effects alcohol has on a human body and whether an individual can develop a tolerance to alcohol are not complex subjects. Homeostasis can potentially involve complex areas of inquiry, but Sergeant Matthews did little more than define the term. Sergeant Matthews did not render any conclusive opinions but provided only general information. Finally, his area of expertise was not central to the resolution of the suit. The focus of the trial was Officer

Truex's observations and Sims's intoxilyzer test results. Sergeant Matthews did not opine that Sims was intoxicated or express any opinion on Officer Truex's testimony.

Sergeant Matthews has had considerable training and experience in the field of alcohol detection. This is not to say that he would be qualified to render an opinion merely because it touches upon alcohol and its effects on the body. There could, for example, be areas of inquiry that require a medical expert; but Sergeant Matthews was not asked any such question. We note that the trial court's ruling was limited to whether Sergeant Matthews was an expert. The trial court was not called upon to determine the extent of his expertise because there was no objection to any of the State's questions.[1] The trial court did not abuse its discretion by finding that Sergeant Matthews was an expert on the effects of alcohol and tolerance to alcohol. Issue One is overruled.

Sims's second issue contends that he was harmed by the erroneous admission of Sergeant Matthews's testimony. Because we have found no error, it is unnecessary to address this issue. The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


October 21, 2010

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]Sims did object to a subsequent question asking if there was a correlation between exhibiting six clues on the HGN test and a blood alcohol level above .08. The trial court ruled that Sergeant Matthews could answer that question but that he could not opine on Sims's specific blood alcohol level.