NO. 07-11-00121-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2011

_____

AARON GUADALUPE GONZALEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,153-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Aaron Guadalupe Gonzalez, appeals his conviction for the offense of aggravated assault with a deadly weapon, and sentence of 20 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice and $10,000 fine. We affirm.

Background

On December 5, 2009, appellant and his 25-week pregnant girlfriend, Lorena Soto, attended a Christmas party hosted by Soto's employer at Acapulco's Restaurant in Amarillo. During the party, appellant started drinking and became increasingly

aggressive. Appellant told Soto that he wanted to leave the party, but Soto did not want to leave. Appellant threatened to pull Soto by the hair if they did not leave the party. Soto convinced appellant to wait until after the gift exchange before they would leave.

However, after the gift exchange, appellant, Soto, and many of Soto's co-workers went to the upstairs area of the restaurant. Once upstairs, appellant again became very agitated and aggressive. Appellant began accusing Soto of sleeping with one of her co-workers. Appellant again indicated that he wanted to leave the party. Appellant threatened to "kick [Soto's] ass" regardless of who was there to witness the threatened assault. Soto and a couple of her co-workers succeeded in calming appellant down for a few minutes until a man that Soto did not recognize came upstairs. Appellant indicated that he was going to fight this man. Appellant started calling the man names, but the man ignored appellant and went back downstairs. Soto decided that it would be best for her and appellant to go home, so they went downstairs to leave the restaurant. However, on their way out of the restaurant, appellant saw the man that he had previously threatened. Appellant walked up to the man and struck the man's nose with appellant's head. Soto and appellant immediately left the restaurant and ran to their vehicle before the man and his companions could confront appellant.

When Soto and appellant arrived at their apartment, appellant apologized to Soto for his behavior at the party. However, appellant's mood abruptly changed, and he again began accusing Soto of cheating on him. Appellant then dragged Soto to the bathroom by her hair. Once in the bathroom, appellant threw a photo album and a drawer at Soto. Appellant removed a photo from the photo album, showed it to Soto,

2

told her to eat the photo, and then attempted to force it into her mouth. In the process of attempting to force Soto to eat the photograph, appellant busted Soto's lips and lacerated her gums with his fingernails. Appellant then repeatedly slammed Soto's head against the bathroom wall while choking her. Appellant also repeatedly lifted Soto off of the floor by her hair. Eventually, appellant hit Soto with his fist in the side of her stomach with such force that Soto urinated. During this assault, Soto was afraid that appellant was going to kill her.

When appellant left the bathroom to go to the kitchen, Soto attempted to escape by running to the front door of the apartment. Appellant came out of the kitchen holding a kitchen knife beside his head. Soto was able to open the door, but appellant kicked the door closed on Soto's hand. Soto, fearing that appellant was going to stab her with the knife, was able to twist appellant's arm in a way that caused him to drop the knife. After dropping the knife, appellant ran back to the kitchen and grabbed another knife. He returned to Soto, but this time he held the knife to his own throat, and threatened to stab himself. Soto begged appellant not to stab himself. Soto was afraid that appellant would kill her or himself.

Eventually, appellant calmed down. Soto went to the kitchen sink and threw up. She asked appellant to take her to the hospital because she was in pain. After initially refusing to take Soto to the hospital, appellant eventually relented. At the hospital, Soto was taken to the labor and delivery area. Soto told a nurse about the assault, and appellant was ordered off the hospital's premises. Soto's recollection of the injuries she

3

sustained as a result of the assault included busted lips, swollen and lacerated gums, bruising, and bald spots from where appellant had ripped out her hair.

Officer Caleb Finsterwald of the Amarillo Police Department was dispatched to the hospital to interview Soto regarding the assault. Finsterwald observed that Soto had an abrasion on her forehead, bleeding lips, and lacerated gums. He also noted that Soto had several bruises, and that her left hand was swollen and appeared to have started to bruise. Finally, he observed that Soto was missing about a quarter-sized chunk of her hair. Soto gave Finsterwald permission to search her apartment, and provided him a key to the apartment. When Finsterwald entered Soto's apartment, he found appellant asleep on the couch. Appellant was detained for officer safety, and Finsterwald searched the apartment. Finsterwald found two knives lying on an ironing board in the living room, a crumpled photo in the bathroom, an indentation in the sheetrock of the bathroom wall, and blood droplets on the rim and seat of the toilet. Each of these discoveries was consistent with Soto's account of the assault. After Finsterwald completed his search of the apartment, he placed appellant under arrest.

Appellant was indicted for the offense of aggravated assault. The indictment also specifically alleged that appellant used or exhibited a deadly weapon, a knife, during the commission of the offense. Just before trial commenced, the State sought clarification regarding whether appellant's head-butt of the man at Acapulco's Restaurant was subject to the trial court's limine ruling about extraneous offense evidence. After a brief discussion of the matter, during which appellant objected that, "I don't think the fight at Acapulco['s] has anything to do with the assault on Lorena [Soto]," the trial court ruled

4

that evidence of this altercation was not subject to its limine ruling. However, the trial court did state that, "I'll note your objection and allow you a running objection to that." At the close of trial, the jury found appellant guilty of the offense. After hearing punishment evidence, the jury returned a sentence of 20 years incarceration and a $10,000 fine.

By two issues, appellant appeals. By his first issue, appellant contends that the trial court erred in overruling appellant's motion in limine concerning the extraneous offense of appellant's fight with the man at Acapulco's Restaurant. By his second issue, appellant contends that the evidence was insufficient to support the affirmative finding that appellant used or exhibited a deadly weapon in committing the offense.

Extraneous Offense Evidence

By his first issue, appellant contends that the trial court erred in overruling appellant's motion in limine regarding evidence of appellant's fight with the man at Acapulco's. The State responds that appellant waived this issue by failing to preserve any error in the admission of this evidence, and because he is estopped from complaining of this evidence since he admitted his guilt to the charged offense during the punishment phase of the trial.

To preserve an issue for appellate review, the appellant must generally have asserted an objection at the time that the challenged evidence was offered that was sufficiently specific to make the trial court aware of the grounds for the complaint. See TEX. R. APP. P. 33.1(a)(1)(A); Layton v. State, 280 S.W.3d 235, 238-39 (Tex.Crim.App. 2009). However, there are two exceptions to the contemporaneous objection

5

requirement. The first exception is that a party may obtain a "running objection" to the evidence. See Ford v. State, 919 S.W.2d 107, 113-14 (Tex.Crim.App. 1996). The second exception is when the trial court hears the objection outside the presence of the jury. See TEX. R. EVID. 103(a)(1). However, a trial court's ruling on a motion in limine does not preserve the erroneous admission of evidence.[1] See Roberts v. State, 220 S.W.3d 521, 533 (Tex.Crim.App. 2007); Martinez v. State, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003).

In the present case, just prior to the start of trial, the State sought clarification regarding whether the head-butting evidence was subject to the trial court's prior motion in limine ruling. In response to this inquiry, appellant told the trial court that, "I don't think the fight at Acapulco['s] has anything to do with the assault on Lorena [Soto], and I think that that would be an extraneous offense that should not be admitted." The trial court informed the parties that the head-butting incident was not covered by the motion in limine, but added that, "I'll note your objection and allow you a running objection to that."

We disagree with the State's characterization of the trial court's ruling on the head-butting evidence as a ruling on a motion in limine. In response to the State's inquiry, the trial court clarified that the head-butting evidence fell outside the scope of its prior limine ruling. Appellant objected to admission of evidence of the head-butting incident on the basis of relevance. The trial court noted appellant's relevance objection,

---

[1] See Perez v. State, No. 03-08-00773-CR, 2009 Tex.App. LEXIS 6521, at *20-*21 (Tex.App.—Austin Aug. 21, 2009, no pet.) (mem. op., not designated for publication) (explaining the legal reasons why a motion in limine does not preserve error).

and granted him a running objection to this evidence. As such, we conclude that appellant has preserved his relevance objection for appellate review. See Ford, 919 S.W.2d at 113-14.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Questions of relevance should generally be left to the discretion of the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion. Moreno v. State, 858 S.W.2d 453, 463 (Tex.Crim.App. 1993). However, even if evidence was erroneously admitted, such error is not reversible absent proof that the error affected the defendant's substantial rights. See TEX. R. APP. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). A substantial right is implicated when the error had a substantial and injurious effect on the jury's verdict. Haley v. State, 173 S.W.3d 510, 518 (Tex.Crim.App. 2005). In order to ascertain the effect the error may have had on the jury's verdict, we are directed to consider everything in the record, including all of the evidence received by the jury, to determine how the alleged error might be considered in connection with other evidence supporting the verdict. See id.

For purposes of this opinion, we will assume, without deciding, that the evidence of appellant's head-butting of the man at Acapulco's was erroneously admitted.[2] Even

---

[2] We make this assumption of error with full understanding that "it has long been the rule in this State that the jury is entitled to know all the relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum." Moreno

assuming error, the Court is still left with the issue of harm. The record reflects that the jury heard Soto's extensive testimony regarding appellant's assault of her. The jury also heard the testimony of Finsterwald and the labor and delivery nurse at the hospital confirming the nature of the injuries suffered by Soto. Additionally, the jury heard Finsterwald's testimony concerning his search of the apartment that corroborated Soto's testimony regarding the assault. The State briefly mentioned the head-butting incident during its opening and closing arguments. Also, Soto briefly testified about the altercation with the man at Acapulco's. Based upon the totality of the record, we conclude that the admission of evidence of the head-butting incident had no impact upon the substantial rights of appellant. See id. Therefore, the error, if there was one, is harmless.

We overrule appellant's first issue.

### Evidentiary Sufficiency of Deadly Weapon Finding

By his second issue, appellant contends that the evidence was insufficient to show that appellant's use or exhibition of the knives threatened Soto with imminent bodily injury. The State responds that the evidence would allow a rational jury to conclude that appellant used or exhibited a deadly weapon during the commission of the offense of aggravated assault.

---

v. State, 721 S.W.2d 295, 301 (Tex.Crim.App. 1986). However, such "same transaction contextual evidence" is admissible "only when it is 'necessary' to the jury's understanding of the offense on trial." England v. State, 887 S.W.2d 902, 915 (Tex.Crim.App. 1994).

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks v. State, 323 S.W.3d 893, 917 (Tex.Crim.App. 2010) (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding was a rational finding. See id. at 906, 907 n.26 (discussing Judge Cochran's dissent in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

Appellant admits that the record is "full of 'assaults'" but contends that the evidence is insufficient to establish that appellant used the knives in such a manner that the presence of the knives would place Soto in reasonable apprehension of imminent bodily injury. It appears that appellant's argument is that Soto was in fear for her life before appellant acquired the knives and, therefore, his acquisition of the knives did not pose "any further threat." However, for the State to prove appellant was guilty of

aggravated assault with a deadly weapon, it needed only prove that appellant intentionally or knowingly threatened Soto with imminent bodily injury while using or exhibiting a deadly weapon. See TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West 2011). In other words, appellant's threat to Soto's life was sufficient.

We conclude that appellant's assault on Soto was sufficient evidence to establish that appellant intentionally threatened Soto with imminent bodily injury. When this threat is then combined with appellant's display of a knife in a manner in which the blade was pointing toward Soto, we conclude that the evidence is sufficient to allow for a rational conclusion that appellant's use of the knives threatened Soto with deadly force, even if appellant had no intention of actually using deadly force. See McCain v. State, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000). Further, Soto testified that she felt that she had to disarm appellant because, "I thought he was going to stab me with the knife." Thus, the evidence established that appellant's actions threatened Soto with imminent bodily injury, and that Soto perceived this threat both before and after appellant acquired a knife. See Olivas v. State, 203 S.W.3d 341, 350 (Tex.Crim.App. 2006).

When we view the evidence in the light most favorable to the jury's verdict, as we must when analyzing the sufficiency of the evidence, we are left with the conclusion that the jury's verdict was rational. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. As such, the evidence was sufficient to support the jury's verdict beyond a reasonable doubt. Brooks, 323 S.W.3d at 917. Accordingly, appellant's second issue is overruled.

10

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.