

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00088-CR

HYUN JIN CHOI                                             APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Hyun Jin Choi appeals from the trial court's judgment proceeding to an adjudication of guilt, revoking his community supervision, and sentencing him to ten years' confinement. In a single point, Choi argues that the trial court abused its discretion by revoking his community supervision for the offense of burglary of a habitation with the intent to commit a felony.

---

[1]*See* Tex. R. App. P. 47.4.

Choi pleaded guilty, pursuant to a plea agreement, to the first-degree felony of burglary of a habitation with intent to commit sexual assault. The trial court placed Choi on ten years' deferred adjudication community supervision and imposed a $1,000 fine and $520 in court costs. A month later, the State filed a petition to proceed to adjudication, alleging that Choi had violated two conditions of his community supervision by failing to register as a sex offender on August 19, 2010, in Irving and by failing to register as a sex offender on August 31, 2010, with the Hood County Sheriff's Department in Granbury.

At the hearing on the State's motion to proceed to adjudication, Choi pleaded "Not True" to all the allegations. Choi's probation officer testified. She explained that she had brought Choi's probation file with her, that the file contained facts documenting regularly conducted activities by her department, that the facts were recorded by persons with personal knowledge of the facts, that it was the ordinary course of business for her department to record those facts in memorandum form, and that she was a custodian of those records. The following then took place:

> [PROSECUTOR]: Your Honor, at this time we would offer State's Exhibit No. 1, which is the probation file.
>
> THE COURT: Any objection?
>
> [DEFENSE COUNSEL]: I assume it's -- is it anything besides the chronological records?
>
> [PROSECUTOR]: It's the entire probation file.
>
> [DEFENSE COUNSEL]: I don't think I have any objection.

2

THE COURT: You do or you don't?

[DEFENSE COUNSEL]: I don't.

THE COURT: All right. State's Exhibit No. 1 is admitted.

Choi's probation officer testified that she had explained the sex offender registration requirements to Choi and had informed him that, based on his home address, he needed to register in Irving. She subsequently communicated with Detective Teien at the Irving Police Department and learned that Choi had not registered within the seven-day time frame ending on August 19, 2010. Choi's probation officer later learned that Choi had moved to Hood County. When she checked with the Hood County Sheriff's Department, she learned that Choi had not registered with the Hood County Sheriff's Department in the seven-day time frame ending on August 31, 2010.

Detective Teien also testified, confirming that Choi did not register as a sex offender in Irving on or before August 19, 2010, and that he had never registered as a sex offender in any county in Texas.

Friends of Choi testified regarding where he was living and his attempts to register with the Granbury Police Department.[2]

---

[2]Testimony during the State's case demonstrated that because Choi lived outside Granbury's city limits, he was directed to register with the Hood County Sheriff's Department.

After hearing the above testimony, the trial court found the allegations in the State's petition to be true, adjudicated Choi guilty, and sentenced him to ten years' confinement. This appeal followed.

In a single point, Choi contends that the trial court abused its discretion by revoking his community supervision for the offense of burglary of a habitation with the intent to commit a felony. Choi's argument in support of his sole issue is limited to his assertion that the trial court abused its discretion by admitting his entire probation file into evidence. Choi concedes that no objection was made at trial when the probation file was offered into evidence but argues that the error "was of such constitutional magnitude as to not require an objection."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, Choi did not object to the admission of the probation file. Accordingly, any error from the admission of this evidence is not preserved for our review. *See* Tex. R. App. P. 33.1; *Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1219 (1997); *King v. State*, No.

4

01-08-00033-CR, 2009 WL 1493113, at *3 (Tex. App.—Houston [1st Dist.] May 28, 2009, pet. ref'd) (mem. op., not designated for publication).

Although Choi argues that this error was of constitutional dimension and therefore did not require an objection, even when objected-to error is of constitutional dimension, it may be declared harmless if the reviewing court is able to determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* Tex. R. App. P. 42.2(a). The testimony presented at the hearing was sufficient to support the trial court's determination to proceed to an adjudication based on Choi's failure to register as a sex offender in violation of the conditions of his community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (stating that proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980) (stating same). And no evidence exists in the record that the trial court actually considered any of the information in the probation file. Consequently, if error from the admission of the probation file was not waived, we are able to determine beyond a reasonable doubt that it did not contribute to Choi's conviction or punishment. We overrule Choi's sole point.

Having overruled Choi's sole point, we affirm the trial court's judgment.


PER CURIAM

PANEL:  WALKER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 10, 2011