

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00107-CR
### NO. 02-12-00108-CR

SHANNON WAYNE ANDREWS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

The State charged Appellant Shannon Wayne Andrews with driving while intoxicated (DWI) felony repetition after the police arrested him for DWI while Andrews was on community supervision for a previous DWI conviction. In one point, Andrews argues that he is entitled to a new trial on punishment because of

---

[1]*See* Tex. R. App. P. 47.4.

comments made by the State during closing arguments at the resulting punishment hearing held by the trial court relating to the DWI felony repetition charge and the resulting revocation of his community supervision.  We will affirm.

## II.  BACKGROUND

Andrews pleaded guilty on February 7, 2005, to third-degree felony DWI following a plea bargain with the State in cause number 0927378D, and the trial court, per the negotiated agreement, suspended imposition of his ten-year sentence and placed him on ten years' community supervision.  The community supervision conditions required Andrews to abstain from alcohol and to not violate the laws of Texas or any other state. While on community supervision, Mansfield Police Department Officers arrested Andrews for DWI on January 21, 2011.  Consequently, the State filed a petition to revoke his community supervision in cause number 0927378D, and charged Andrews with DWI felony repetition in cause number 1230703D.  Andrews entered an open plea of "true" regarding certain paragraphs in the State's motion to revoke his community supervision.  He also entered an open plea of "guilty" to the DWI felony repetition charge.  The trial court ordered a pre-sentence investigation (PSI) report and set these causes for a punishment hearing.  At the punishment hearing, the State made the following statements in its closing argument:

> There's numerous instances in this PSI report that show[] the dangerous behavior that he was partaking in, not only in the initial offense of the DWI but the second one as well.  People could've been injured.  His driving was dangerous in both instances. Also . . . the interlock device that was on his car for the period of

2

years reported several suspicious alcohol readings that missed rolling retest. I think there is evidence in this PSI report that would show that this was not the first time that Mr. Andrews had a drink.

Andrews did not object. The trial judge set punishment at four years' incarceration in cause number 0927378D, and four years' incarceration in cause number 1230703D, with the sentences to run concurrently. This appeal followed.

### III. DISCUSSION

In his sole point, Andrews argues that the State's closing argument was improper because it injected new facts into the case and invited the trial court to speculate as to whether he had consumed alcohol on any other occasions without any evidence to support the argument. The State claims that Andrews failed to preserve this potential complaint because he did not object to the State's statement at the time it was made. We agree with the State.

As a general rule, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). An objection must be made as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence."). This gives the trial judge and the opposing party an opportunity to correct the error at a time

3

when the judge is in the best position to take testimony, if necessary; consider counsels' arguments; and rule on the objection in the context of the present proceeding. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. .App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Here, Andrews did not object to the State's closing argument at the time it was made and at a time when the trial court could have addressed the argument. Because he made no objection at the time the complained-of statements were made, Andrews forfeited any potential error for review. *See Parker v. State*, No. 02–11–00032–CR, 2011 WL 5984539, at \*2 n.4 (Tex. App.—Fort Worth Dec. 1, 2011, no pet.) (mem. op., not designated for publication) (holding that by failing to object to prosecutor's closing arguments at the time they were made, appellant forfeited any potential error for appellate review). We therefore overrule his sole point.

## IV. Conclusion

Having overruled Andrews's sole point on appeal, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 11, 2013