

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00237-CR

SHAUN RAY MULLINAX                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR17033

----------

## MEMORANDUM OPINION[1]

----------

After hearing evidence that Appellant Shaun Ray Mullinax had punched his twelve-year-old son Z.M. in the arm and the head with a fist and had left bruises on Z.M.'s arm and a bump on his head, the jury found Mullinax guilty of the offense of bodily injury to a child fourteen years of age or younger, found the enhancement paragraph to be true, and assessed his punishment at two years'

---

[1]*See* Tex. R. App. P. 47.4.

confinement. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2014). The trial court sentenced Mullinax accordingly. In two issues, Mullinax argues that the trial court erred by permitting the State to rely on allegedly inadmissible, highly-prejudicial prior bad-acts evidence in securing his conviction and complains of a portion of the State's closing argument presented in final rebuttal.

The record reflects—and Mullinax expressly concedes in his brief—that he lodged no objection at trial to either the introduction of the bad-acts evidence or to the portion of the State's argument he complains of on appeal. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); *see also* Tex. R. Evid. 103(a)(1) (stating that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and a timely objection or motion to strike appears of record, stating the specific ground of the objection). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). "Except for complaints involving systemic (or absolute)

2

requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez*, 138 S.W.3d at 342. Because Mullinax lodged no objections to the admission of the evidence or to the closing argument he complains of on appeal, he forfeited both of these complaints. *See* Tex. R. App. P. 33.1(a); *Turner v. State*, 87 S.W.3d 111, 117 (Tex. Crim. App. 2002) (recognizing rule 33.1(a)'s preservation requirements apply to closing arguments), *cert. denied*, 538 U.S. 965 (2003); *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *see also Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004).

Mullinax, however, argues throughout his first and second issues that the cumulative effect of the errors in admitting the prior bad-acts evidence, coupled with the State's erroneous jury argument, deprived Mullinax of his constitutional right to due process and a fair and impartial trial and that error preservation is unnecessary when there is "serious and continuing prosecutorial misconduct." A due-process, fair-trial objection is required, however, to preserve a complaint on appeal that the prosecutor engaged in serious and continuing prosecutorial misconduct so as to effectively deprive a defendant of due process or a fair trial. *See Clark v. State*, 365 S.W.3d 333, 339–40 (Tex. Crim. App. 2012). This is because an appellant should not be able to "bootstrap a constitutional issue from the most innocuous trial objection" and because "the trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Id.* at 340. Consequently,

3

in *Clark*, the court of criminal appeals held that the defendant's badgering, sidebar, argumentative, invading the province of the jury, and mischaracterization objections were not so clearly connected to constitutional protections that they could be assumed to be due-process objections. *Id.* Finally, neither the prosecutors' use of unobjected-to evidence that Mullinax characterizes as bad-acts evidence nor the State's unobjected-to closing argument in final rebuttal rise to the level of fundamental error. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S. Ct. 1246, 1264–65 (1991) (fundamental error occurs when certain constitutional rights are violated, such as the right to counsel, the right to an impartial judge, the right for there not to be unlawful exclusion of members of the defendant's race from the grand jury, the right to self-representation at trial, or the right to a public trial). We hold that because Mullinax lodged no objections comporting with the complaints he raises on appeal, he forfeited those complaints; we also hold that the complaints made by Mullinax on appeal do not show fundamental error.

We overrule both of Mullinax's two issues, and we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

4

DELIVERED:  May 28, 2015