

## NUMBER 13-19-00142-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JACOB CABALLERO,                                             Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Contreras

Pursuant to a guilty plea, appellant Jacob Caballero was convicted of unauthorized use of a motor vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.07. He pleaded true to enhancement paragraphs alleging that he had previously been convicted of three state jail felonies, and the trial court found the paragraphs true, thereby enhancing the punishment to that of a third-degree felony. *See id.* § 12.425(a). The trial court sentenced

appellant to six years' imprisonment.  By one issue, appellant argues that his sentence is unconstitutionally disproportionate to the seriousness of the offense.  We affirm.

## I. APPLICABLE LAW AND STANDARD OF REVIEW

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13.  It applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV.  The Eighth Amendment prohibits punishments that are "grossly disproportionate to the severity of the crime" as well as punishments that do not serve any "penological purpose."  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1144 (2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 & n.7 (1976)).  However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."  *Ewing v. California*, 538 U.S. 11, 21 (2003); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see, e.g., Solem v. Helm*, 463 U.S. 277, 303 (1983) (concluding that life imprisonment without parole was a grossly disproportionate sentence for the crime of "uttering a no-account check" for $100); *Weems v. United States*, 217 U.S. 349, 383 (1910) (concluding that punishment of fifteen years in a prison camp was grossly disproportionate to the crime of falsifying a public record).  Generally, as long as a sentence is legal and assessed within the legislatively determined range, it will not be disturbed on appeal.  *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (orig. proceeding) (noting that "the sentencer's discretion to impose any punishment within the prescribed range is essentially unfettered"); *see Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017, pet. ref'd).

## II. DISCUSSION

Appellant argues that the sentence imposed was disproportionate to the seriousness of the crime because "[n]o evidence was presented that [he] was violent, would be likely to re-offend, or that it was in the best interests of the State for [him] to be incarcerated." Appellant further argues that "[e]veryone in the Court was aware that this was not a serious offense," noting that at one point the prosecutor informed the trial court that the victim "wasn't very interested in the case anymore."

For an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. TEX. R. APP. P. 33.1(a); *see Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). When an imposed sentence is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.— Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

In this case, appellant's sentence of six years' imprisonment falls squarely within the range of punishment authorized for a third-degree felony under the penal code. *See* TEX. PENAL CODE ANN. § 12.34(a) (providing that a third-degree felony is punishable by imprisonment for a term of not more than ten years or less than two years). Further, appellant did not object to the sentence imposed by the trial court on any grounds, nor did he challenge the sentence with a post-trial motion. Accordingly, he has waived appellate review of this issue. *See* TEX. R. APP. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 927–28.

Acknowledging that courts typically find waiver in this situation, appellant

3

nevertheless argues that "recent analysis of the Eighth Amendment, specifically the prohibition against cruel and unusual punishment, has led constitutional scholars to the proposition that the prohibition against cruel and unusual punishment cannot be waived by an individual." However, the only "recent analysis" to that effect cited by appellant is a law review article dating back to 2000. Appellant further contends that "[t]he proposition that a person can choose to be treated cruelly and unusually by the State is so counter to the interests that the Eighth Amendment purports to protect that a waiver is legally and morally impossible." But the rule that a constitutional challenge to an allegedly cruel and unusual punishment is waived if not preserved in the trial court is settled law which we may not revisit. *See Rhoades*, 934 S.W.2d at 120 (finding appellant forfeited issue that punishment was cruel and unusual in violation of the Texas Constitution because he failed to make that complaint at trial); *Villareal v. State*, 504 S.W.3d 494, 509 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd) ("[A]s an intermediate appellate court, we must follow the binding precedent of the court of criminal appeals.").

We overrule appellant's sole issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2019.

4