

# NUMBERS 13-18-00678-CR AND 13-18-00679-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARTURO GELAN GARRETT,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                                        Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

After a consolidated jury trial, appellant Arturo Gelan Garrett was convicted of theft

of property valued at less than $2,500 with two or more prior thefts, a state jail felony,[1]

*see* TEX. PENAL CODE ANN. § 31.03(e)(4)(D), and theft of a firearm, a state jail felony.[2]

---

[1] Appellate cause number 13-18-00678-CR.

[2] Appellate cause number 13-18-00679-CR.

*See id.* § 31.03(e)(4)(C). Appellant pleaded true to enhancement paragraphs alleging that he had previously been finally convicted of four state jail felonies, and the jury found the paragraphs true, thereby enhancing punishment on the theft-of-a-firearm offense to that of a third-degree felony. *See id.* § 12.425(a). The jury assessed punishment at two years in state jail and ten years' imprisonment for the respective offenses, and the trial court ordered the sentences to run concurrently. On appeal, appellant contends that the sentences are unconstitutionally cruel and unusual. We affirm.

## I. APPLICABLE LAW AND STANDARD OF REVIEW

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13. It applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV. The Eighth Amendment prohibits punishments that are "grossly disproportionate to the severity of the crime" as well as punishments that do not serve any "penological purpose." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1144 (2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 & n.7 (1976)). However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21 (2003); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see, e.g., Solem v. Helm*, 463 U.S. 277, 303 (1983) (concluding that life imprisonment without parole was a grossly disproportionate sentence for the crime of "uttering a no-account check" for $100); *Weems v. United States*, 217 U.S. 349, 383 (1910) (concluding that punishment of fifteen years in a prison camp was grossly disproportionate to the crime of falsifying a public record). Generally, as long as a sentence is legal and assessed within the legislatively

determined range, it will not be disturbed on appeal. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (orig. proceeding) (noting that "the sentencer's discretion to impose any punishment within the prescribed range is essentially unfettered"); *see Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017, pet. ref'd).

## II. DISCUSSION

Appellant was convicted of stealing a bicycle from his sister on or about May 2, 2017, and a firearm from his brother on or about May 27, 2017. He argues that the sentences were disproportionate to the seriousness of the crimes because "[he] committed nonviolent offenses which were only property crimes." He argues that, "[w]hile the owners of the stolen items have a definite right to be secure in their private property, neither item stolen was significant enough to cause the owners financial ruin or even hardship." He does not specify which portions of the trial record substantiate these assertions.

For an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. TEX. R. APP. P. 33.1(a); *see Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). When an imposed sentence is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

In appellate cause number 13-18-00678-CR, appellant's sentence of two years in state jail is the maximum jail term authorized for a state jail felony under the penal code. *See* TEX. PENAL CODE ANN. § 12.35(a) (providing that a state jail felony is punishable by

3

confinement in a state jail for any term of not more than two years or less than 180 days). In appellate cause number 13-18-00679-CR, appellant's sentence of ten years' imprisonment is the maximum prison term authorized for a third-degree felony under the penal code. *See id.* § 12.34(a) (providing that a third-degree felony is punishable by imprisonment for a term of not more than ten years or less than two years). In the trial court, appellant did not object to either sentence on any grounds, nor did he challenge the sentences in any post-trial motion. Accordingly, appellant has waived appellate review of this issue. *See* TEX. R. APP. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 927–28.

Appellant asserts that, even though no objection was made in the trial court, "the error created by the sentences in these causes is fundamental or structural in nature and may thus be raised for the first time on appeal." He cites *Mumphrey v. State*, in which the Texarkana court of appeals reviewed the appellant's complaint that the trial judge was biased despite the fact that the issue had not been preserved at trial. 509 S.W.3d 565, 568 (Tex. App.—Texarkana 2016, pet. ref'd) ("Because Mumphrey contends that the error in this case is fundamental or structural, we must examine the merits of his argument in order to determine whether there was error and whether that error amounted to a fundamental or structural failure."). But the Texas Court of Criminal Appeals has since recognized that there is no common-law "fundamental error" exception to the rules of error preservation. *Proenza v. State*, 541 S.W.3d 786, 794 (Tex. Crim. App. 2017). Though "[s]ome rights are widely considered so fundamental to the proper functioning of our adjudicatory process" that they need not be preserved at trial, *id.* at 797, appellant cites no authority indicating that proportionate punishment is among those rights. Instead, binding precedent provides that a constitutional challenge to allegedly cruel and unusual

4

punishment is waived if not preserved in the trial court. *See Rhoades*, 934 S.W.2d at 120 (finding appellant forfeited issue that punishment was cruel and unusual in violation of the Texas Constitution because he failed to make that complaint at trial); *see also Villareal v. State*, 504 S.W.3d 494, 509 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd) ("[A]s an intermediate appellate court, we must follow the binding precedent of the court of criminal appeals.").

We overrule appellant's issue.

### III. CONCLUSION

The trial court's judgments are affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2019.